IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLARICE C. MOSS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-3124-JOF |
| DELTA AIR LINES, INC., et al., | : |
| | : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion to amend complaint [35-1]; the parties' consent motion for a protective order [36-1]; and Plaintiff's motion for partial summary judgment [41-1].

**I.    Procedural History and Facts**

Plaintiff, Clarice C. Moss, filed suit against Defendants, Delta Air Lines, Inc., Société Air France, and Passerelle, pursuant to the Montreal Convention, alleging that Defendants are liable to her for injuries she suffered while being transported on the ground at Paris Charles de Gaulle International Airport.

For the purposes of Plaintiff's motion for partial summary judgment, the following facts are undisputed. On April 22, 2004, Plaintiff flew from Vienna, Austria to Paris, France, on Air France Flight 8333, landing at Paris Charles de Gaulle International Airport. Plaintiff

AO 72A
(Rev.8/82)

was then to transfer to Delta Flight 21 to Atlanta. Due to having knee replacements, Plaintiff could not transfer planes at Charles de Gaulle without wheelchair assistance. After Flight 8333 landed, Plaintiff was assisted down the jet way by an Air France flight attendant. She was then placed into a wheelchair van driven by an employee of Passerelle, a company engaged by Air France to transport passengers requiring wheelchair assistance. The van departed and Plaintiff alleges that while she was looking for her seat belt, the driver slammed on his breaks causing her to be thrown to the floor. Plaintiff eventually made it to her connecting flight, but she became ill on the flight, Plaintiff alleges, due to internal bleeding caused by the fall. Delta Flight 21 was diverted to Boston, Massachusetts, so that Plaintiff could obtain emergency medical care.

## II.    Discussion

### A.    Preliminary Matters

The parties agreed to a stipulation that all references in the complaint to "Air France" would be amended to state "Societé Air France." As such, the court GRANTS Plaintiff's motion to amend complaint [35-1]. The parties also agreed to a joint protective order governing confidential information, and the court GRANTS IN PART that motion for protective order [36-1]. The court declines to enter in its entirety paragraph 7 from the joint protective order filed by the parties. Instead, the court directs that any party wishing to file material under seal with the court must make a separate motion seeking permission to file a document under seal.

The court takes judicial notice that Defendant Delta Air Lines, Inc.'s declared bankruptcy on September 14, 2005. Pursuant to applicable bankruptcy law, an automatic stay as to any civil actions against that defendant is now in effect. However, "[e]xtension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances." *See*, *e.g.*, *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). Such circumstances include "where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment against or finding against the debtor." *See Reliance Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quotation and citation omitted). The court finds that such extraordinary circumstances do not apply here, and, thus, the litigation between the parties other than Delta Air Lines proceeds.

**B.     Agency**

Plaintiff filed a motion for partial summary judgment as to whether Defendant Passerelle and its employees are agents of Air France for whom Air France is liable. Plaintiff argues that under both the Montreal Convention and Georgia law, Passerelle is an agent of Air France, and, thus, Air France is liable for the negligence of Passerelle or any of its employees under the doctrine of respondeat superior.

Defendant Air France filed a "limited non-opposition" to Plaintiff's motion. Specifically, Air France notes that it is not opposed to the court finding that "Passerelle was

3

acting as the 'servant or agent' of Air France within the meaning of the Montreal Convention in providing wheelchair assistance to Plaintiff in disembarking an Air France flight at Charles DeGaulle Airport." Air France, however, does oppose any finding by the court (1) that the incident is an "accident" within the meaning of Article 17of the Montreal Convention, (2) that Air France or Passerelle was "negligent" within the meaning of Article 21 of the Montreal Convention; and (3) of causation, contributory fault, and damages.

Because the court does not read Plaintiff's motion for partial summary judgment as requiring the court to comment on "accident," "negligence," or the other issues of concern raised by Air France, the court need not consider those limitations. Rather, the court finds – in accordance with the parties' agreement – that the Montreal Convention governs Plaintiff's claim because Plaintiff was disembarking Air France Flight 8333 at the time of the incident. To the extent it is established that Passerelle committed a "wrongful act or omission" when providing wheelchair assistance to Plaintiff, Passerelle was the "servant or agent" of Air France and not a "third party" within the meaning of Article 21 of the Montreal Convention.

The court notes that Plaintiff's complaint contains two counts: (1) strict liability under the Montreal Convention against Air France and Delta and (2) negligence against Air France and Passerelle. Although Plaintiff's briefing appears to skirt this issue, the parties agree that because Plaintiff was allegedly injured while disembarking the Air France flight, her exclusive remedy is through the Montreal Convention. *See*, *e.g.*, *Marotte v. American Airlines, Inc.*,

4

296 F.3d 1255, 1258-59 (11th Cir. 2002) (Montreal Convention is "exclusive mechanism of recovery for personal injuries suffered on board an aircraft or in the course of embarking or disembarking from an airplane") (quoting *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999) (holding that when such injury occurs, but recovery is not permitted under the Montreal Convention, recovery "is not available at all"). Recourse to local law is not permitted because to do so would disrupt the uniform regulation of air travel that the Montreal Convention was designed to implement. *Id.* Because it has not been asked to do so, the court makes no comment as to what this means with respect to the status of Passerelle or count two of Plaintiff's complaint.

### III.   Conclusion

The court GRANTS Plaintiff's motion to amend complaint [35-1]; GRANTS IN PART AND DENIES IN PART the consent motion for a protective order [36-1]; and GRANTS Plaintiff's motion for partial summary judgment [41-1].

**IT IS SO ORDERED** this 7th day of December 2005.

                                             s/ J. Owen Forrester
                                             J. OWEN FORRESTER
                                             SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)