IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLARICE C. MOSS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-3124-JOF |
| DELTA AIR LINES, INC., et al., | : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for default judgment as to Defendant Passerelle [42-1]; Defendant Passerelle's motion to dismiss [50-1] or in the alternative to set aside default [50-2]; Defendant Passerelle's motion for oral argument [51-1]; Defendant Passerelle's motion to supplement motion to dismiss and set aside default [54-1]; and Plaintiff's motion for extension of time to file pretrial order [61-1].

**I.     Background**

**A.     Procedural History**

Plaintiff, Clarice Moss, filed suit against Defendants, Delta Air Lines, Inc., Société Air France, and Passerelle, pursuant to the Montreal Convention, alleging that Defendants are liable to her for injuries she suffered while being transported on the ground at Paris Charles de Gaulle International Airport.

Plaintiff alleges that on April 22, 2004, she flew from Vienna, Austria, to Paris, France, on Air France Flight 8333, landing at Paris Charles de Gaulle International Airport. Plaintiff was then to transfer to Delta Flight 21 to Atlanta. Due to having knee replacements, Plaintiff could not transfer planes at Charles de Gaulle without wheelchair assistance. After Flight 8333 landed, Plaintiff was assisted down the jet way by an Air France flight attendant. She was then placed into a wheelchair van driven by an employee of Passerelle, a company engaged by Air France to transport passengers requiring wheelchair assistance. The van departed and Plaintiff alleges that while she was looking for her seat belt, the driver slammed on his breaks causing her to be thrown to the floor. Plaintiff eventually made it to her connecting flight but she became ill on the flight, Plaintiff alleges, due to internal bleeding caused by the fall. Delta Flight 21 was diverted to Boston, Massachusetts so that Plaintiff could obtain emergency medical care.

In an order dated December 7, 2005, the court took judicial notice of the bankruptcy proceedings involving Defendant Delta Air Lines, Inc., but directed that the litigation continue with respect to the remaining defendants. In that same order, the court ruled that Defendant Passerelle was acting as an "agent or servant" of Société Air France within the meaning of the Montreal Convention when it provided wheelchair assistance to Plaintiff when she disembarked the Air France flight at Charles de Gaulle Airport.

**B.     Contentions**

2

Defendant Passerelle apparently recognizes that it was in default but suggests that it will inform the court at some time in the future why this default constituted "excusable neglect."  In the alternative, Defendant Passerelle asserts that the court cannot exercise personal jurisdiction over it because it has no contacts at all with Georgia.  Plaintiff responds that the court should enter default judgment against Defendant Passerelle because its corporate manager, Gerard Meyer, was served on February 22, 2005, but counsel for Defendant did not file a notice of appearance opposing the default until October 13, 2005, and Defendant Passerelle has not explained any excusable neglect to the court.  Plaintiff also argues that the court has personal jurisdiction over Defendant Passerelle pursuant to Article 33 of the Montreal Convention.

## II.    Discussion

In its previous order, the court noted that Plaintiff had raised two counts in her complaint:  (1) strict liability under the Montreal Convention against Air France and Delta and (2) negligence against Air France and Passerelle.  Significantly, Plaintiff has not raised a claim against Defendant Passerelle pursuant to the Montreal Convention, but the court has held that Defendant Passerelle was acting as an "agent or servant" of Société Air France within the meaning of the Montreal Convention when it provided wheelchair assistance to Plaintiff.

As the court previously noted, Plaintiff's only avenue for recovery as a result of this incident is pursuant to the Montreal Convention.  *See Marotte v. American Airlines, Inc.*, 296 F.3d 1255, 1258-59 (11th Cir. 2002).  Recourse to "local law" is not permitted because it

3

would disrupt the uniform regulation of air travel that the Warsaw Convention, and its successor Montreal Convention, were designed to bring about. *Id.* The court has already held that Plaintiff's incident occurred during the "disembarking" of a flight and, therefore, comes within the scope of the Montreal Convention, thus preempting any "local law" claims.

Plaintiff, however, did not raise a Montreal Convention claim against Defendant Passerelle. She only sued Air France and Delta under the Montreal Convention. Because the court has determined that Plaintiff's negligence count cannot proceed, Plaintiff has no remaining claims against Defendant Passerelle. Thus, even if the court were to find Defendant Passerelle in default and to find that Defendant Passerelle is subject to the personal jurisdiction of this court, Defendant Passerelle as a matter of law cannot be liable to Plaintiff for a claim of negligence. For the foregoing reasons, the court DISMISSES Defendant Passerelle from Plaintiff's complaint. The court makes no comment as to whether Plaintiff could have brought a Montreal Convention claim against Defendant Passerelle because Plaintiff did not do so in her complaint.

Therefore, the court DENIES AS MOOT Plaintiff's motion for default judgment as to Passerelle [42-1]; DENIES AS MOOT Defendant Passerelle's motion to dismiss [50-1] or in the alternative to set aside default [50-2]; DENIES AS MOOT Defendant Passerelle's motion for oral argument [51-1]; and DENIES AS MOOT Defendant Passerelle's motion to supplement motion to dismiss and set aside default [54-1].

AO 72A
(Rev.8/82)

The court GRANTS Plaintiff's motion for extension of time to file pretrial order [61-1]. The parties are DIRECTED to submit a pretrial order within thirty (30) days of the date of this order.

### III. Conclusion

The court DENIES AS MOOT Plaintiff's motion for default judgment as to Passerelle [42-1]; DENIES AS MOOT Defendant Passerelle's motion to dismiss [50-1] or in the alternative to set aside default [50-2]; DENIES AS MOOT Defendant Passerelle's motion for oral argument [51-1]; and DENIES AS MOOT Defendant Passerelle's motion to supplement motion to dismiss and set aside default [54-1].

The court GRANTS Plaintiff's motion for extension of time to file pretrial order [61-1]. The parties are DIRECTED to submit a pretrial order within thirty (30) days of the fate of this order.

**IT IS SO ORDERED** this 31st day of January 2006.

                                              s/ J. Owen Forrester
                                                  J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)